# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Katheryn S.A.C., <br><br> Petitioner, <br><br> v. <br><br> Kristi Noem, *Secretary, U.S. Department of Homeland Security; Department of Homeland Security, in her official capacity*; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement; Immigration and Customs Enforcement, in his official capacity*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, Minneapolis – St. Paul Field Office, Immigration and Customs Enforcement, in his official capacity*; Mary De Anda Ybarra, *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, in her official capacity*; and Warden of El Paso Camp East Montana Detention Center, *custodian of detainees at the El Paso Camp East Montana Detention Center, in their official capacity*, <br><br> Respondents. | Civ. No. 26-815 (JWB/JFD) <br><br><br> **ORDER ON PETITION FOR WRIT OF HABEAS CORPUS** |

Karen Venice Bryan, Esq., KB Law PLLC, counsel for Petitioner.

Ana H. Voss, Esq., Jesus Cruz Rodriguez, Esq., and Matthew Isihara, Esq., United States Attorney's Office, counsel for federal Respondents.

Petitioner Katheryn S.A.C. has filed a Petition for Writ of Habeas Corpus seeking immediate release from immigration custody. (Doc. No. 2.) Respondents were ordered to

answer the Petition by February 2, 2026, at 12:00 p.m. (Doc. No. 8.) Respondents failed to do so. Accordingly, the Petition is unopposed.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this case,

**IT IS HEREBY ORDERED** that:

1. Petitioner Katheryn S.A.C.'s Petition for Writ of Habeas Corpus (Doc. No. 2) is **GRANTED**.

2. **Release.** Respondents shall immediately release Petitioner from custody. She must be released in Minnesota. At the time of Petitioner's release, Respondents shall return to Petitioner all personal property in Respondents' custody or control, including but not limited to, passports, identity papers or licenses, immigration records, prescribed medications, and treatment-related equipment. Release may not be delayed for any reason related to the retrieval, processing, or return of such property. Any delay or failure to effectuate release in accordance with this paragraph constitutes noncompliance with this Order.

If Petitioner is currently held outside Minnesota, Respondents shall immediately initiate Petitioner's return to Minnesota for the sole purpose of effectuating release. Respondents shall not delay initiating Petitioner's return based on administrative convenience, transportation availability, or detention-capacity considerations.

Upon Petitioner's arrival in Minnesota, Respondents shall effectuate release forthwith. If, at the time release would otherwise occur, weather conditions would expose Petitioner to extreme cold or other reasonably dangerous conditions, Respondents may

delay physical release only for the brief period necessary to effectuate release in a safe manner. Respondents shall employ the earliest reasonably available safe means of release and may not delay release where a safe option is available. Any such delay must be strictly limited and must not be used to justify continued custody, supervision, or discretionary release authority.

3. **Notice.** Within 48 hours of this Order, Respondents shall file an update on the status of Petitioner's release. In the update, Respondents must confirm the time, date, and location of the release or anticipated return and release. If Petitioner has been removed from Minnesota, Respondents must file a confirmation of the time, date, and location of release promptly upon Petitioner's arrival in Minnesota.

4. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release (including release on recognizance or similar instruments), without prior notice to and authorization from the Court, or absent a new and independently lawful custody decision properly executed under the law. For the avoidance of doubt, Respondents' compliance with this Order requires Petitioner's immediate release in Minnesota without any newly issued instrument that either imposes new conditions of supervision or restraint or restates previously imposed conditions.

5. Respondents may not re-detain Petitioner under a statutory theory this Court has rejected in this proceeding absent materially changed circumstances.

6. Petitioner's other claims are not reached.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Date: February 3, 2026         *s/ Jerry W. Blackwell*
Time: 6:31 p.m.               JERRY W. BLACKWELL
                                    United States District Judge